IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| BAPTIST HEALTHCARE SYSTEM<br>d/b/a BAPTIST REGIONAL MEDICAL<br>CENTER<br>4007 Kregse Way<br>Louisville, KY 40207<br><br>            Plaintiff<br><br>    v.<br><br>MICHAEL O. LEAVITT,<br>Secretary of the United States<br>Department of Health and Human Services,<br>Room 700-E<br>200 Independence Avenue, S.W.<br>Washington, D.C. 20201<br><br>            Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**COMPLAINT FOR JUDICIAL REVIEW
OF MEDICARE REIMBURSEMENT DISPUTE**

The Plaintiff, Baptist Healthcare System, d/b/a Baptist Regional Medical Center, by counsel, for its complaint against Defendant, Michael O. Leavitt, Secretary of the Department of Health and Human Services, alleges and states the following:

**THE PARTIES AND RELEVANT AGENCIES**

1.      Plaintiff, Baptist Healthcare System (BHS), is a not-for-profit organization that includes as an operating department an acute care hospital doing business as Baptist Regional Medical Center (BRMC) in Louisville, KY ("Hospital" or "Provider"). The services rendered by the Hospital are certified under the Medicare program, and at all relevant times, the Hospital has

been a provider under Title XVIII of the Social Security Act, 42 U.S.C. 1395 *et seq*. ("Medicare Act"), acting under Provider No. 18-0080.

2. The Defendant, Michael O. Leavitt, is Secretary of the United States Department of Health and Human Services ("Secretary"), which is the governmental agency responsible for the Medicare program.

3. The Centers for Medicare & Medicaid Services (CMS) administers the Medicare program by delegation from, and as agent of, the Secretary.

4. The fiscal intermediary is an organization that administers the Medicare program in a given area under contract with CMS pursuant to 42 U.S.C. § 1395h. For the time period of the hospital cost reporting periods at issue, the fiscal intermediary for the Provider in this case was AdminaStar Federal, Inc.,[1] located at 9901 Linn Station Rd., Louisville, KY. The fiscal intermediary is responsible for auditing annual Medicare cost reports.

5. The Provider Reimbursement Review Board ("PRRB") is an agency of the United States Department of Health and Human Services and acts as an administrative hearing body on Medicare reimbursement disputes between providers of Medicare services and Medicare fiscal intermediaries pursuant to 42 U.S.C. § 1395oo.

## JURISDICTION AND VENUE

6. This action arises out of a Medicare reimbursement dispute between the Plaintiff and the Intermediary and CMS. The jurisdiction of this Court is founded upon 42 U.S.C. § 1395oo(f)(1); 28 U.S.C. § 1331, and 28 U.S.C. § 1361.

7. Venue lies in the United States District Court for the District of Columbia pursuant to 42 U.S.C. § 1395oo(f)(1).

---

[1] AdminaStar Federal, Inc., changed its name to National Government Services, Inc., effective January 1, 2007.

## **MEDICARE PAYMENTS FOR "BAD DEBTS"**

8.  Medicare is a federal government program covering medical expenses to the elderly and eligible disabled. 42 U.S.C. § 1395 *et seq*. Part A of Medicare generally provides for reimbursement of inpatient hospital services (42 U.S.C. §§ 1395(c) – 1395(i)) while Medicare Part B provides supplemental payments on behalf of individual beneficiaries for hospital outpatient services, physician services and other services not covered under Part A. 42 U.S.C. §§ 1395(j) – 1395(w).

9.  Congress has mandated that providers are to be reimbursed for the reasonable costs of providing services to Medicare beneficiaries. 42 U.S.C. § 1861(v)(1)(a).

10. One of the fundamental principles set forth in the Medicare Act is that the program will bear all the costs for reasonable and necessary services, both direct and indirect, related to the treatment of Medicare beneficiaries so that such costs related to individuals covered by the program are not borne by others not covered by the program. *See, e.g.*, 42 C.F.R. § 413.9(b).

11. The Medicare program sometimes requires program beneficiaries to pay coinsurance and deductibles to the providers of healthcare in connection with covered services. Because "[t]he failure of beneficiaries to pay the deductible and coinsurance amounts could result in the related costs of covered services being borne by other than Medicare beneficiaries … [t]he amounts that remain unpaid are added to the Medicare share of allowable costs." 42 C.F.R. § 413.89(d). Such unpaid amounts that are considered "uncollectible" by the provider are customarily called "bad debts." 42 C.F.R. § 413.89(b).

12. Medicare has published guidance advising providers when a Medicare beneficiary debt may be deemed uncollectible because the Medicare beneficiary is indigent. Medicare

Provider Reimbursement Manual, Part I (PRM-I) CMS Pub. 15-I § 312. This manual provision sets forth four guidelines for the Provider to use when applying its customary methods for determining whether a patient is indigent. These guidelines are:

> A. The patient's indigence **must** be determined by the provider, not by the patient; i.e., a patient's signed declaration of his inability to pay his medical bills cannot be considered proof of indigence;
>
> B. The provider **should** take into account a patient's total resources which would include, but are not limited to, an analysis of assets (only those convertible to cash, and unnecessary for the patient's daily living), liabilities, and income and expenses. In making this analysis the provider **should** take into account any extenuating circumstances that would affect the determination of the patient's indigence;
>
> C. The provider **must** determine that no source other than the patient would be legally responsible for the patient's medical bill; e.g., [Medicaid], local welfare agency and guardian; and
>
> D. The patient's file **should** contain documentation of the method by which indigence was determined in addition to all backup information to substantiate the determination.

PRM-I, § 312 (emphasis added).

Per this guidance, "once indigence is determined and the provider concludes there is no improvement in the beneficiary's financial condition, the debt may be deemed uncollectible" and the provider need not make "reasonable collection efforts" on the debt.

## THE MEDICARE "BAD DEBTS" AT ISSUE

13.    At issue in this case is paragraph B of PRM-I § 312, and its suggestion of an "asset test" when the provider is making an indigency determination.

14.    For the cost reporting years at issue (September 1, 1998 through August 31, 2001), the Plaintiff Hospital had a Charitable Care Policy that, consistent with Medicare Program requirements, applied equally to Medicare and non-Medicare patients.

15. For debts of greater than $800 the Hospital required potentially indigent patients to complete a financial disclosure form that included inquiries for both income and assets. Accordingly, the issue in this case is primarily one related to debts of less than $800.

16. Hospitals must annually file "cost reports" that itemize those costs attributable to the care of Medicare patients. 42 C.F.R. § 413.20(b). A fiscal intermediary then reviews and audits this cost report, disallowing costs it deems inappropriately declared, and provides written notice to the provider of the total amount of reimbursement due the provider. *See* 42 C.F.R. § 405.1803(a). This notice is commonly referred to as the "Notice of Amount of Program Reimbursement" or "NPR."

17. For each of the three cost reporting years in dispute, the fiscal intermediary issued an NPR in which it disallowed (*i.e.*, determined not to be allowable costs for Medicare cost reporting purposes) all bad debts for Medicare patients where Baptist Regional Medical Center had not performed an "asset test."

18. The fiscal intermediary has stipulated that the bad debts at issue were denied by the Program "for the sole reason that the Provider allegedly failed to perform and/or document an asset test" and that "but for the disputed failure to perform and/or document an asset test ... each of the bad debt amounts disallowed ... would have been Medicare allowable bad debt."

## THE ADMINISTRATIVE REVIEW PROCESS

19. Providers have a right to administratively appeal a fiscal intermediary determination from an NPR to the Provider Reimbursement Review Board (PRRB) if such appeal is filed within 180 days of the issuance of the NPR. 42 U.S.C. § 1395oo(a) and 42 C.F.R. § 405.1835.

20. For each of the three cost reporting years at issue, BRMC timely appealed to the PRRB the fiscal intermediary's determinations related to allowable bad debts.

21. On June 20, 2007, the issue at bar was the subject of a hearing before the PRRB in which both parties to the hearing were represented by counsel. PRRB Dec. No. 2008-D12, June 20, 2007.

22. On December 10, 2007, the PRRB issued a decision fully favorable to BRMC. The PRRB ruled that PRM-I § 312 "does not create a mandatory asset test" because this provision expressly uses the permissive term "should" in regards to any asset test, as opposed to "must" or other mandatory language.

23. The Board found persuasive the rationale articulated in *Harris County Hospital District v. Shalala*, 863 F. Supp. 404 (S.D. Tex. 1994); *aff'd on other grounds* by *Harris County Hospital District v. Shalala*, 64 F.3d. 220 (5th Cir. 1995). The District Court in *Harris County* evaluated the precise question of whether PRM-I § 312 created a mandatory asset test and found that:

> Two of the four guidelines that the Manual lists use mandatory language, *must*, and two use precatory language, including the word *should*. The provision suggesting an asset test uses the word *should*.
>
> The Secretary goes to heroic efforts to assert that should means must. Her argument fails. *Should* is mandatory only when used as the past tense of *shall*. Otherwise, should is precatory.

863 F. Supp. 404 at 410 (emphasis in original).

24. The Administrator of CMS has the authority to review a decision of the PRRB within 60 days of that decision. 42 C.F.R. § 405.1875.

6

25. On February 8, 2008, the CMS Administrator issued a decision upon review of the PRRB's decision that reversed the PRRB's well considered determination.[2] Notwithstanding the clearly precatory language of PRM-I § 312 and the precedent established by *Harris County,* the CMS Administrator ruled that "Section 312 of the PRM does create a mandatory asset test." CMS Adm'r Dec. No. 2008-D12, p.7., Feb. 8, 2008.

26. The CMS Administrator's Decision constituted a final decision of the Agency, exhausting BRMC's administrative remedies and allowing the hospital a right to judicial review of the Agency's determination. 42 U.S.C. § 1395oo(f) and 42 C.F.R. § 1877.

27. BRMC has timely filed its complaint for judicial review of the Agency's final determination.

## ERRORS ALLEGED

28. The decision of the CMS Administrator on this matter is arbitrary and capricious and not in accordance with established law.

29. The decision of the CMS Administrator on this matter is arbitrary and capricious and contrary to the letter and/or intent of the Medicare Act as established by Congress to adequately compensate hospitals for all reasonable and necessary costs associated with treating Medicare patients.

30. The decision of the CMS Administrator constitutes an abuse of discretion.

31. The arbitrary and capricious actions of the Agency violate the Hospital's rights to due process of law under the 5th and 14th Amendments of the United States Constitution.

---

[2] The CMS Administrator's Decision was transmitted under cover of a letter dated February 14, 2008, which the Plaintiff received on February 19, 2008.

7

32.     The CMS Administrator's Decision would impermissibly cause costs related to reasonable and necessary care furnished to Medicare patients to be borne by those not covered by the program.

WHEREFORE, the Plaintiff Baptist Healthcare System, prays as follows:

A.  For an Opinion and Order of the Court finding that CMS and the Intermediary erred in disallowing the bad debts at issue for the cost reporting years September 1, 1998 through August 31, 2001.

B.  For an Opinion and Order reversing the Decision of the CMS Administrator and reinstating the Decision of the PRRB.

C.  For an Order and Opinion requiring payment to the Hospital of all appropriate funds, including interest due.

D.  For all costs and attorney fees.

E.  For any and all other relief to which Plaintiff is entitled or as demanded by equity.

Respectfully submitted,

CROWELL & MORING LLP

By:_____
    Michael L. Martinez, Bar #347310
    1001 Pennsylvania Avenue, N.W.
    Washington, D.C. 20004-2595
    Ph: 202-624-2945
    Fax: 202-628-5116


OF COUNSEL
HALL, RENDER, KILLIAN, HEATH & LYMAN, P.C.
N. Kent Smith, Attorney No. 1777-49
Keith D. Barber, Attorney No. 19052-49
Suite 2000, Box 82064, One American Square
Indianapolis, IN 46282
(317) 633-4884
*Attorneys for Plaintiff*

Michael L. Martinez, Bar #347310
CROWELL & MORING LLP
1001 Pennsylvania Avenue, N.W.
Washington, D.C. 20004-2595
Ph: 202-624-2945
Fax: 202-628-5116
*Attorneys for Plaintiff*
693389v2

9

# CIVIL COVER SHEET

JS-44
(Rev.1/05 DC)

## I (a) PLAINTIFFS

Baptist Healthcare System d/b/a Baptist Regional Medical Center
4007 Kregse Way
Louisville, KY 40207

## DEFENDANTS

U.S. Dept. of Health and Human Services
Michael Leavitt, Secretary
Room 700-E, 200 Independence Ave., S.W.
Washington, DC 20201

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF _____
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

## (c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

Michael L. Martinez
CROWELL & MORING, LLP
1001 Pennsylvania Avenue, N.W.
Washington, D.C. 20004-2595; (202) 624-2945

## ATTORNEYS (IF KNOWN)

Michael B. Mukasey, Office of the Attorney General
1350 Pennsylvania Ave., N.W., Suite 409
Washington, DC 20004; (202) 727-3400

## II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

○ 1 U.S. Government Plaintiff
○ 3 Federal Question (U.S. Government Not a Party)
● 2 U.S. Government Defendant
○ 4 Diversity (Indicate Citizenship of Parties in item III)

## III CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) FOR DIVERSITY CASES ONLY!

|  | PTF | DFT |  | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ○ 1 | ○ 1 | Incorporated or Principal Place of Business in This State | ○ 4 | ○ 4 |
| Citizen of Another State | ○ 2 | ○ 2 | Incorporated and Principal Place of Business in Another State | ○ 5 | ○ 5 |
| Citizen or Subject of a Foreign Country | ○ 3 | ○ 3 | Foreign Nation | ○ 6 | ○ 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT
(Place a X in one category, A-N, that best represents your cause of action and one in a corresponding Nature of Suit)

### ○ A. Antitrust
☐ 410 Antitrust

### ○ B. Personal Injury/Malpractice
☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Medical Malpractice
☐ 365 Product Liability
☐ 368 Asbestos Product Liability

### ● C. Administrative Agency Review
☒ 151 Medicare Act

Social Security:
☐ 861 HIA ((1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g)
☐ 864 SSID Title XVI
☐ 865 RSI (405(g)
Other Statutes
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 890 Other Statutory Actions (If Administrative Agency is Involved)

### ○ D. Temporary Restraining Order/Preliminary Injunction

Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

### ○ E. General Civil (Other)    OR    ○ F. Pro Se General Civil

**Real Property**
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent, Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

**Personal Property**
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

**Bankruptcy**
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

**Prisoner Petitions**
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition

**Property Rights**
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

**Federal Tax Suits**
☐ 870 Taxes (US plaintiff or defendant
☐ 871 IRS-Third Party 26 USC 7609

**Forfeiture/Penalty**
☐ 610 Agriculture
☐ 620 Other Food &Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 RR & Truck
☐ 650 Airline Regs
☐ 660 Occupational Safety/Health
☐ 690 Other

**Other Statutes**
☐ 400 State Reapportionment
☐ 430 Banks & Banking
☐ 450 Commerce/ICC Rates/etc.
☐ 460 Deportation

☐ 470 Racketeer Influenced & Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Satellite TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/ Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 900 Appeal of fee determination under equal access to Justice
☐ 950 Constitutionality of State Statutes
☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act

| ○ G. *Habeas Corpus/ 2255*<br><br>☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ○ H. *Employment Discrimination*<br><br>☐ 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ○ I. *FOIA/PRIVACY ACT*<br><br>☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions (if Privacy Act)<br><br><br>*(If pro se, select this deck)* | ○ J. *Student Loan*<br><br>☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |
|---|---|---|---|
| ○ K. *Labor/ERISA (non-employment)*<br><br>☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ○ L. *Other Civil Rights (non-employment)*<br><br>☐ 441 Voting (if not Voting Rights Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights<br>☐ 445 American w/Disabilities-Employment<br>☐ 446 Americans w/Disabilities-Other | ○ M. *Contract*<br><br>☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ○ N. *Three-Judge Court*<br><br>☐ 441 Civil Rights-Voting (if Voting Rights Act) |

**V. ORIGIN**
- ◉ 1 Original Proceeding
- ○ 2 Removed from State Court
- ○ 3 Remanded from Appellate Court
- ○ 4 Reinstated or Reopened
- ○ 5 Transferred from another district (specify)
- ○ 6 Multi district Litigation
- ○ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)
42 U.S.C. § 1395. Judicial review of an administrative reimbursement decision under the Medicare law.

**VII. REQUESTED IN COMPLAINT**  ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23    DEMAND $ _____    Check YES only if demanded in complaint
JURY DEMAND:   YES ☐   NO ☒

**VIII. RELATED CASE(S) IF ANY**   (See instruction)   YES ☐   NO ☒   If yes, please complete related case form.

DATE _____   SIGNATURE OF ATTORNEY OF RECORD _____

**INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44**
Authority for Civil Cover Sheet

The **JS-44** civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

   I.   COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

   III.  CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

   IV.  CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

   VI.  CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

   VIII. RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.